Hyman, C. J.
Plaintiff leased to defendant for the term of two years, from the 1st November, 1865, two lots and material thereon, at the rent of $120 a year, payable quarterly.
Th'e lots are in the city of New Orleans, numbered 94 Basin street, and are between G-ravier and Perdido streets.
He sued to have the lease annulled, because defendant had violated the contract of lease, by removing the stone pavement which covered a part of the lots, and because defendant, without his consent, had sublet the premises to Isaac Baker, in contravention of the contract of lease, which prohibited defendant from subletting the property without plaintiff’s consent.
He averred that he had in vain notified defendant to restore the pavement, and that the injury and waste caused to the lots by defendant in removing the pavement, exceeded $800. For the sum of $800, with interest from judicial demand, he asked judgment against defendant, as well as judgment annulling the lease.
Defendant, in answer, averred that he had leased the lots for the pur *367 pose of erecting on them a stable for horses; that the paving stones were unsuitable for horses to stand upon; that it became necessary, in order to use the lots for the purpose for which they were leased, to remove temporarily the paving stones, and that he claimed the right to restore the pavement at the termination of the lease. He denied that he had sublet the lots, and asked for damages against plaintiff for slandering his title.
The case was tried by a jury, who gave a verdict for defendant, without damages. The Judge rendered judgment pursuant to the verdict, and intiff has appealed.
?he property was leased by defendant, for the purpose of keeping :ses therein, and erecting thereon a stable for horses, which purpose 3 known to plaintiff when he let the property.
Che stones used as a pavement and which defendant removed, were md, and were injurious to horses while standing on them. The pro•ty let could not be used for the purpose intended with advantage to ¡ tenant unless the stones were removed, and wo think that he had a ht to remove them. See C. C. 2680, 11.
Yhen defendant leased the property no stable was on it, but materials building a stable were there belonging to plaintiff. With these matéis, and with some furnished by defendant, he (defendant) built on the >perty let a stable, which by the contract of lease “ was to remain in t for the benefit of plaintiff.” This stable he sold to Isaac Baker for i price of $1,087 35, which Baker paid. Defendant stated in the act sale “ that Baker was acting as his agent, and that Baker was also ping the siim of thirty dollars quarterly.
Baker could not use the stable without using the ground on which it od, and it cannot be perceived why he was to pay 5530 quarterly beside 3 price of the stable, if it was not for the use of the ground on which 3 stable stood.
Che act of sale is artfully drawn to conceal as much as possible the real ention of the parties thereto, but no other conclusion can be arrived from reading it, than that defendant intended by it to sublet to Baker lart of the property he leased from plaintiff.
This subletting, by defendant, was in violation of the contract of lease iween plaintiff and defendant, and gave the right to plaintiff to have s lease dissolved.
Chis right plaintiff claimed, and notified defendant in writing to restore 3 pavement, which he should have done. See O. C. 2690.
Sis neglect to restore the pavement makes him liable to plaintiff for value. See O. C. 2691.
Chere is proof that the pavement was worth 55800.
it is decreed that the judgment of the District Court be annulled, )ided and reversed.
it is further decreed, that the contract between plaintiff and defendant, ting to defendant the property described in plaintiff’s petition b'o lulled; that defendant deliver to plaintiff the premises under the con-ct of lease instanter, and that defendant pay the costs of suit in both irts.
t is further decreed, that within ten days from the day this judgment *368 becomes final, defendant restore tile stone pavement on the lot in the same state that he received it, or in default thereof, he, defendant, pay plaintiff the sum of eight hundred dollars, with five per cent, per annum interest thereon from the day of default.
Rehearing refused.